UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MCSWAIN MEI HOLDINGS, INC.

    Plaintiff,

v.

APPLIED TECHNICAL SERVICES, LLC, a Delaware limited liability company

    Defendant.

Case No.

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff, McSwain MEI Holdings, Inc., by counsel, hereby files it Complaint against Defendant, Applied Technical Services, LLC, and in support thereof, Plaintiff alleges as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff, McSwain MEI Holdings Inc., is a Florida Corporation with its principal place of business in Pensacola, Florida.

2. Defendant, Applied Technical Services, LLC ("ATS"), is a Delaware limited liability company with its principal place of business in Marietta, Georgia.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding attorneys' fees, interest, and costs.

4. Pursuant to 28 U.S.C. § 1391, venue is proper in this district because the events giving rise to the claims occurred in this district, and Section 10.5 of the applicable agreement contains a forum selection clause selecting federal or state courts located in the State of Florida.

## General Allegations

5. Non-Party, Dr. Richard McSwain, founded McSwain Engineering, Inc. (the "Company") in 1991. Prior to 1991, Dr. McSwain was a Materials Engineer with the Materials Engineering Laboratory at the Naval Aviation Depot, Pensacola, Florida, where he performed aircraft component failure analysis, accident investigation, nondestructive inspection and materials processing for 14 years. He has written and contributed to many technical publications related to materials engineering and materials failure analysis. Dr. McSwain holds a Ph.D. in Materials Engineering from the University of Florida and is a Registered Professional Engineer in the State of Florida. He was also elected Fellow of ASM International.

6. After a long and illustrious career, spanning over fifty years, Dr. McSwain was ready to move on with the next chapter of his life. Towards that goal, Dr. McSwain entered into discussions with ATS pertaining to its acquisition of the Company.

7. In or around March 2023, Dr. McSwain, as the sole owner of the outstanding capital stock of the Company, formed Plaintiff and contributed the outstanding capital stock of the Company in exchange for all of the capital stock of

Plaintiff, thereby resulting in Plaintiff becoming the sole owner of the Company for the purpose of entering into an agreement with ATS.

8. On April 7, 2023, the Parties entered into a Membership Interest Purchase Agreement by and among Applied Technical Services, LLC, McSwain Engineering, LLC, McSwain MEI Holdings, Inc., and Richard McSwain (the "Purchase Agreement"), under which Plaintiff agreed to sell and ATS agreed to purchase the Company. A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit "A"**.

9. Plaintiff and Defendant participated jointly in the negotiation and drafting of the Purchase Agreement while being represented by their own legal counsel and advisors. *See Exhibit A, § 10.17.*

10. The Purchase Agreement was effective April 7, 2023. *See Exhibit A, § 7.1.*

11. Pursuant to Section 3.2 of the Purchase Agreement, "[a]t Closing, Purchaser shall: pay an amount equal to Three Million Two Hundred Fifty Thousand Dollars ($3,250,000.00)… *minus* the payments and/or deductions described in each of Section 3.1(a)…" *See Exhibit A, § 3.2(c).*

12. Such deductions contemplated by Section 3.2 included the Contingent Additional Consideration (the "Additional Consideration") pursuant to Section 3.6, which provides as follows:

**Section 3.6** **Contingent Additional Consideration.**

(a) Within ten (10) Business Days after the Contingent Additional Consideration is finally determined pursuant to Section 3.6(b), Purchaser shall pay to Seller additional consideration in respect of the Acquired Securities the amount set forth in the schedule set forth immediately below in this Section 3.6(a) if any (the "Contingent Additional Consideration"):

| AEBITDA | Contingent Additional Consideration |
|---|---|
| Less than $700,000.00 | $0.00 |
| Equal to or greater than $700,000.00 | 90% of AEBITDA for the Measurement Period |

13. For purposes of determining Plaintiff's right to receive the Additional Consideration, ATS was required to prepare and deliver its written calculation of the proposed Additional Consideration to Plaintiff no later than ninety (90) days after the end of the Measurement Period.

14. The Measurement Period was a full twelve (12) months from April 1, 2023 to and including March 31, 2024. *See Exhibit A, § 3.6(c)(ii).*

15. Pursuant to Section 3.6(b), Plaintiff and Defendant agreed that the "[p]roposed Contingent Additional Consideration shall be binding and conclusive upon the parties **unless** Seller gives written notice of disagreement to Purchaser within thirty (30) days after receipt of the Section 3.6 Statement, specifying in reasonable detail the nature and extent of such disagreement." (Emphasis added). *See Exhibit A, § 3.6(b).*

16. On June 28, 2024, ATS provided its calculation of the proposed Additional Consideration in the amount of Nine Hundred Six Thousand Four Hundred Ninety-Seven Dollars ($906,497.00) to Plaintiff. A true and correct copy of

ACTIVE:24330929.1

ATS' Calculation of Contingent Additional Consideration is attached hereto as **Exhibit "B"**.

17. Plaintiff had no objection to ATS' calculation of the Additional Consideration and notified ATS of its acceptance of the Additional Consideration on July 11, 2024.

18. Pursuant to Section 3.6(b), the Additional Consideration became binding and conclusive upon the parties at the time of Plaintiff's acceptance.

19. Pursuant to Section 3.6(a), ATS had ten business days after the Additional Consideration was determined to remit payment Plaintiff.

20. ATS failed to remit payment of the Additional Consideration within ten business days to Plaintiff pursuant to Section 3.6(a).

21. Plaintiff has retained the undersigned law firm to represent it and prosecute this action and is obligated to pay the firm a reasonable fee for the services rendered. The Purchase Agreement permits Plaintiff to recover all costs and attorneys' fees incurred in this action from Defendant.

22. All conditions precedent to the filing of this lawsuit have been performed, have occurred, or have been waived.

23. Plaintiff has fully performed the obligations required of it under the Purchase Agreement.

### Count I: Breach of Contract

24. Plaintiff hereby realleges and reasserts the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

ACTIVE:24330929.1


25. As set forth fully above, the Purchase Agreement is a valid and enforceable contract. Plaintiff agreed to sell the Company to ATS in return for ATS' payment of the purchase price and promise to, among other things, (1) calculate and pay the Additional Consideration once accepted by Plaintiff, and (2) provide Plaintiff with monthly financial statements.

26. Plaintiff complied with its obligations under the Purchase Agreement.

27. Pursuant to the Purchase Agreement, the Additional Consideration became binding and conclusive upon the parties at the time of Plaintiff's acceptance on July 11, 2024.

28. Pursuant to Section 3.6(a) of the Purchase Agreement, ATS was required to remit payment of the Additional Consideration owed to Plaintiff by July 25, 2024.

29. ATS failed to remit the Additional Consideration to Plaintiff by July 25, 2024.

30. On August 1, 2024, Plaintiff sent written demand to ATS for the Additional Consideration owed to Plaintiff pursuant to the Purchase Agreement.

31. In response to Plaintiff's demand, ATS rejected Plaintiff's demand and refused to remit payment of the Additional Consideration to Plaintiff.

32. ATS has failed and continues to refuse to remit payment of the Additional Consideration owed to Plaintiff pursuant to the Purchase Agreement.

33. ATS' failure and refusal to remit payment of the Additional Consideration constitutes a breach of the Purchase Agreement.

34. ATS was in breach of the Purchase Agreement on July 25, 2024, after failing to remit payment of the Additional Consideration to Plaintiff.

35. As a direct and proximate result of ATS' breach of the Purchase Agreement, Plaintiff has sustained and will continue to suffer damages.

WHEREFORE, Plaintiff, respectfully request this Court enter a judgment against ATS for damages arising from ATS' breach of the Purchase Agreement, including the Additional Consideration, pre-judgment and post-judgment interest, an award of reasonable attorneys' fees and costs incurred in this action, and such other relief this Court deems just and proper.

Date: September 13, 2024.

**GUNSTER, YOAKLEY & STEWART, P.A.**

By: */s/ John A. Schifino*
John A. Schifino, Esq.
Florida Bar No. 0072321
Tiana Brockway-Horne, Esq.
Florida Bar No. 1023945
401 E. Jackson Street, Suite 1500
Tampa, Florida 33602
jschifino@gunster.com
gmurphy@gunster.com
tbrockwayhorne@gunster.com
dkovalchek@gunster.com
Telephone: (813)739-6950
Facsimile: (813) 524-5792

*Attorneys for Plaintiff*